THE FEDERAL LAND BANK OF BALTIMORE, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 969. Submitted November 26, 1935.—Decided December 6, 1935.

*Frank Martínez* and *E. Campos del Toro* for appellant. The registrar appeared by brief.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

The Federal Land Bank of Baltimore brought, in the District Court of Humacao, an ordinary action to foreclose a

mortgage against Carmen Blanco Carvajal and the heirs of Rafael Arce Rollet, named Elsa, Graciela, Margot, Adela María, and Rafael Arce Blanco, the said Carmen Blanco Carvajal being the widow of the deceased mortgagor. Pursuant to the judgment rendered in said action, ordering the sale at public auction of the mortgaged properties, the marshal in execution of said judgment made a deed in favor of the plaintiff. Said deed was presented in the Registry of Property of Caguas and the registrar refused to record it on the ground set forth in the following decision:

"RECORD IS DENIED of the foregoing instrument, evidencing a judicial sale of six properties in favor of The Federal Land Bank of Baltimore, on the ground that, as the properties sold are recorded in favor of Rafael Arce Rollet (who is the mortgagor and a distinct person from the defendants, the widow Carmen Blanco Carvajal and the heirs of Rafael Arce Rollet named Elsa, Graciela, Margot, Adela María, and Rafael Arce Blanco, described as such heirs in said instrument), as an unclaimed inheritance is not involved, and as an ordinary action to collect the mortgage was brought, a previous record in favor of said heirs, in whose name and behalf the marshal made the alienation, is required as provided by section 20 of the Mortgage Law; a cautionary notice has been entered instead for a period of 120 days in favor of The Federal Land Bank of Baltimore; all of which has been noted on the margin of the six properties referred to."

Appellant maintains that in the instant case a previous record in favor of the defendant heirs is not necessary. In accordance with the provisions of the Royal Order of July 22, 1896, this court has repeatedly held that in a case of judicial sale made pursuant to a summary foreclosure proceeding, a previous record of the mortgaged property in favor of the heirs of the debtor is not necessary in order to record the marshal's deed. *Passalacqua* v. *Registrar of Property,* 6 P.R.R. 41; *Zayas* v. *The Registrar of Property,* 14 P.R.R. 589; *Orcasitas* v. *Registrar,* 21 P.R.R. 523; *Zayas* v. *Registrar,* 28 P.R.R. 106; *García* v. *Registrar,* 41 P.R.R. 473; *Zayas Pizarro* v. *Registrar,* 46 P.R.R. 589.

The registrar thinks that this doctrine only applies to a summary foreclosure proceeding and not to the enforcement of a mortgage by an ordinary action. We do not agree. The sale of the mortgaged properties was ordered by the court when rendering judgment in an action to collect a mortgage claim and not in an action for the recovery of money. This court has heretofore held that where a mere personal action to recover money is brought, a previous record in favor of the heirs is necessary (*Garrido* v. *Registrar of Property,* 12 P.R.R. 383; *Figueroa* v. *Registrar,* 18 P.R.R. 255; *Pomales* v. *The Registrar,* 19 P.R.R. 606; *Orcasitas* v. *Registrar,* 45 P.R.R. 106) ; but where a mortgage is foreclosed, the fact that the ordinary or the summary proceeding is availed of does not justify the application of different principles.

The decision appealed from must be reversed.

Mr. Justice Aldrey dissented.